```
UNITED STATES DISTRICT COURT                        USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                       DOCUMENT
------------------------------------------------------X   ELECTRONICALLY FILED
                                    :               DOC #:_____
  In re:                            :               DATE FILED: 1/8/2020
                                    :
  NATALIA MIKHAILOVNA PIROGOVA,      :
                                    :
                 Debtor.             :
                                    :
------------------------------------------------------X
                                    :               19 Civ. 231 (LGS)
  YURI VLADMIROVICH ROZHKOV,        :
                                    :               **OPINION AND ORDER**
                 Appellant,          :
                                    :
           -against-                 :
                                    :
  NATALIA MIKHAILOVNA PIROGOVA,     :
  ET AL.,                            :
                                    :
                 Appellees.          :
------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

      Appellant Yuri Rozhkov, the foreign trustee ("Foreign Representative") of a bankruptcy proceeding in the Commercial Court of the Moscow Region against Debtor Natalia Pirogova (the "Russian Insolvency Proceeding"), appeals from two orders of the United States Bankruptcy Court for the Southern District of New York (Chapman, J.) (the "Orders").[1] The Orders deny recognition of the Russian Insolvency Proceeding as either (i) a "foreign main proceeding" under 11 U.S.C. §§ 1517(a) and 1517(b)(1), or (ii) a "foreign nonmain proceeding" under 11 U.S.C. §§ 1517(a) and 1517(b)(2). For the reasons below, the Orders are affirmed.

---

[1] The two Orders are: a December 12, 2018, Memorandum Decision and Order, *In re Pirogova*, 593 B.R. 402 (Bankr. S.D.N.Y. 2018), and a December 17, 2018, Order denying and dismissing the petition with prejudice.

I.  **BACKGROUND**

The following facts are drawn from the Orders unless otherwise noted.  *See In re Platinum Partners Value Arbitrage Fund L.P.*, 18 Civ. 5176, 2018 WL 3207119, at *1 (S.D.N.Y. June 29, 2018) (a district court may draw on the "bankruptcy court's . . . opinion" to establish the "facts of [the] appeal").

**A. The Recognition Petition**

Ms. Pirogova is a Russian citizen who has been a United States permanent resident since 2008.  In October 2015, a Russian creditor initiated the Russian Insolvency Proceeding after Ms. Pirogova failed to repay an alleged $18.5 million bank debt.  The Moscow Commercial Court appointed Appellant as trustee and financial administrator in the proceeding.

In March 2018, Appellant filed a petition in the Southern District of New York Bankruptcy Court (the "Bankruptcy Court") to "recognize" the Russian Insolvency Proceeding under Chapter 15 of the U.S. Bankruptcy Code.  Among other things, recognition stays disposition of a foreign debtor's U.S. assets and permits a foreign trustee to access and dispose of these assets in a foreign bankruptcy.  *See* 11 U.S.C. §§ 1520 & 1521.  The goal of recognition is to "provide effective mechanisms for dealing with cases of cross-border insolvency, while promoting international cooperation, legal certainty, fair and efficient administration of cross-border insolvencies, protection and maximization of debtors' assets, and the rescue of financially troubled businesses."  *In re Fairfield Sentry Ltd.*, 714 F.3d 127, 132 (2d Cir. 2013) (internal quotation marks omitted).  A foreign bankruptcy will be recognized only if it is a "foreign main" or "foreign nonmain" proceeding.  11 U.S.C. § 1517(a)(1).  A "foreign main proceeding" is a bankruptcy proceeding that takes place in the foreign country where a debtor has its "center of main interests" ("COMI") as of the date of the recognition petition.  11 U.S.C. §§ 1502(4) &

1517(b)(1). A "foreign nonmain proceeding" is a bankruptcy proceeding that takes place in a country where a debtor has a "place of operations" from which it carries out "nontransitory economic activity." 11 U.S.C. §§ 1502(5) & 1517(b)(2). After a two-day evidentiary hearing the Bankruptcy Court denied recognition of the Russian Insolvency Proceeding.

### B. Debtor's Contacts with Russia

At the evidentiary hearing, Ms. Pirogova stated her intention to remain in the U.S. with no plans to reside in Russia ever again. She "apparently fled" Russia because Russian authorities have an outstanding warrant for her arrest. Ms. Pirogova admitted, however, to maintaining an "internal" Russian passport until October 2015. Appellant argues that Ms. Pirogova used the passport to travel surreptitiously in and out of Russia through the open Belarus-Russian border, but the Bankruptcy Court found no "proof that she did in fact do so."

Ms. Pirogova allegedly owns property in Russia. She is the listed owner of an apartment in Moscow, but has not occupied or visited the apartment in "a very long time." The apartment has no furniture or personal effects. Although utility bills are issued to Ms. Pirogova, the electricity bills have not been paid since December 2015 and the water bills since April 2013. The parties dispute whether Ms. Pirogova still owns the apartment, which has been subject to a "seizure" order since February 13, 2013, based on a November 27, 2012 Russian municipal court order. The seizure order "encumb[ers]" and "restrict[s Ms. Pirogova's] rights" to the apartment. According to the Bankruptcy Court, Appellant presented no evidence that Ms. Pirogova maintains the apartment as her habitual residence.

Ms. Pirogova is also the listed owner of two cars in Moscow. She continues to maintain insurance for one car. Both cars, however, have been "seized," and her rights to one car have been restricted since 2012 and the other since 2014.

3

The Bankruptcy Court furthermore found no evidence that Ms. Pirogova maintains a close relationship with her family and friends in Russia. As of late 2018, she had not spoken with her son in nearly five years and is not in touch with her grandchildren. She is the founder of a Moscow yacht club, "Yacht-Club Zolotoy Gorod," but there was no evidence that she was paying dues or participating in the club at the time of the petition. Ms. Pirogova represents that her personal life is centered in the U.S., where she is married to, and lives with, an American citizen.

Ms. Pirogova also has liability for past business activities in Russia, but these business activities predate the filing of the petition. Ms. Pirogova faces civil and criminal actions for an alleged $75 million loan that her Russian company, Rizalti-Plus-DKD, allegedly fraudulently obtained in 2007 (the "Rizalti Loan"). Appellant contends that Ms. Pirogova fled Russia to evade creditors and authorities in connection with this loan. Ms. Pirogova also owns a Russian company called Taurus LLC, which is in liquidation in a Russian bankruptcy proceeding that commenced in 2017. The Bankruptcy Count found no proof that Ms. Pirogova had "active[ly] participat[ed]" in or even "minimal[ly] manage[d]" Taurus or the bankruptcy proceeding at the time of the petition.

### C. The Bankruptcy Court Decision

The Bankruptcy Court denied recognition of the Russian Insolvency Proceeding on December 12, 2018. *See In re Pirogova*, 593 B.R. 402. The court found that the Russian Insolvency Proceeding was not a "foreign main proceeding" because Appellant failed to show that Ms. Pirogova's COMI is Russia. The presumption that a debtor's place of "habitual residence" is the debtor's COMI under 11 U.S.C. § 1516(c) was unsupported by the evidence and therefore inapplicable. *Id.* at 411-12. Nor did the totality of factors compel finding that

Russia is Ms. Pirogova's COMI. Her past business dealings in Russia were irrelevant because they occurred long before the March 2018 petition. *Id.* at 414-15. For a bankruptcy court to factor in such historical activities could result in "conflicting COMI determinations and [the designation of] competing main proceedings, thus defeating the purpose of using the COMI construct." *Id.* at 414. "That Ms. Pirogova apparently fled Russia" to avoid an arrest warrant was also consistent with her stated intention to reside abroad. *See id.* at 414 n.38.

Second, the court held that the Russian Insolvency Proceeding is not a foreign nonmain proceeding because Ms. Pirogova did not have an "establishment" in Russia, *i.e.* "any place of operations where the debtor carries out nontransitory economic activity" as of the petition date. *Id.* at 415-16 (*citing* 11 U.S.C. §§ 1502(2) & 1502(5)). Ms. Pirogova's Moscow apartment, utility bills, vehicles, yacht club membership, ownership of Taurus LLC and the Russian Insolvency Proceeding did not establish that she (i) had a "place of operations" or (ii) carried out "nontransitory economic activity" in Russia. *See id.* at 416-17. The Moscow apartment could not be a place of operations because there was no evidence that Ms. Pirogova used or even visited the apartment at the time of the petition. *Id.* at 417. The Bankruptcy Court rejected each of Appellant's theories of nontransitory economic activity: it was a "stretch" to construe Ms. Pirogovoa's unpaid utility bills as "extensions of credit" from the utility services. *Id.* There was no evidence that Ms. Pirogova was a current member of, paid membership dues or contributed to the maintenance of the yacht club, or that the club generates economic activity. *Id.* at 418. Ms. Pirogova's vehicles and apartment had been seized and could not generate economic activity for her. *See id.* at 417-18. The Taurus LLC bankruptcy did not have a "local effect on the marketplace." *Id.* (citing *In re Ran,* 607 F.3d 1017, 1022 (5th Cir. 2010)). Finally, it would be circular to find that the Russian Insolvency Proceeding -- an involuntary proceeding, which is the

very subject of the recognition petition -- establishes the necessary requirements for recognition. *See id.*

## II. STANDARD OF REVIEW

When reviewing a bankruptcy court's decision, the district court reviews factual findings for clear error and legal conclusions de novo. *In re Charter Comm'ns, Inc.*, 691 F.3d 476, 483 (2d Cir. 2012); *accord In re Ocean Rig UDW Inc*., 585 B.R. 31, 34 (S.D.N.Y. 2018), *aff'd*, 764 F. App'x 46 (2d Cir. 2019*)*. "A factual finding is not clearly erroneous unless the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re CBI Holding Co.*, 529 F.3d 432, 449 (2d Cir. 2008) (internal quotation marks omitted); *accord In re Steinberg*, No. 17 Civ. 4724, 2018 WL 1229838, at *2 (S.D.N.Y. Mar. 8, 2018), *aff'd*, 756 F. App'x 90 (2d Cir. 2019*)*. "[I]f the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety," a reviewing court "may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *In re Motors Liquidation Co.*, 829 F.3d 135, 158 (2d Cir. 2016) (internal quotation marks omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *UFCW Local One Pension Fund v. Enivel Props., LLC*, 791 F.3d 369, 372 (2d Cir. 2015) (internal quotation marks omitted).

## I. DISCUSSION

### A. Recognition of a Foreign Main Proceeding

The Bankruptcy Court correctly denied recognition of the Russian Insolvency Proceeding as a foreign main proceeding. Section 1517(b) provides that a foreign main proceeding is any proceeding "pending in the country where the debtor has the center of its main interests

[COMI]." 11 U.S.C. § 1517(b). "In the absence of evidence to the contrary, the debtor's . . . habitual residence in the case of an individual, is presumed to be" the debtor's COMI. 11 U.S.C. § 1516(c). Habitual residence is "comparable to domicile," connotes "permanence and stability" and is "the place where an individual is living and has manifested the expectation of remaining for an indefinite period of time." *In re Kemsley*, 489 B.R. 346, 353 (Bankr. S.D.N.Y. 2013). But even if a country is not a debtor's habitual residence, "[v]arious factors, singly or combined, could be relevant" to a COMI determination. *In re Fairfield Sentry Ltd.*, 714 F.3d at 137 (*quoting In re SPhinX, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y 2006)). A court should consider "any relevant activities" pertaining to a debtor rather than "mechanical[ly] appl[y]" a particular set of factors. *Id*. Importantly, COMI is "determined based on [a debtor's] activities at or around the time the Chapter 15 petition is filed." *Id*. "[T]o ensure that a debtor has not manipulated its COMI in bad faith," "a court may consider the period between the commencement of the foreign insolvency proceeding and the filing of the Chapter 15 petition." *Id.* The party seeking recognition bears the burden of proving COMI by a preponderance of the evidence. *In re Fairfield Sentry Ltd.*, 10 Civ. 7311, 2011 WL 4357421, at *3 (S.D.N.Y. Sept. 16, 2011), *aff'd*, 714 F.3d 127 (2d Cir. 2013); *accord In re Ascot Fund Ltd.*, 603 B.R. 271, 279 (Bankr. S.D.N.Y. 2019).

Under this standard, the Foreign Representative did not sustain its burden of showing that Russia is Ms. Pirogova's habitual residence and therefore presumptive COMI. At the time of the petition, Ms. Pirogova was not based in -- indeed, no evidence showed that she had even recently been to -- Russia. Furthermore, no evidence countered her testimony that she intended to reside outside of Russia after becoming a U.S. permanent resident. Although Ms. Pirogova had a Russian passport until at least 2015, there was no evidence establishing that she traveled to

7

Russia, as Appellant argues. Other evidence of Ms. Pirogova's contacts with Russia underscore that the country was not her base: although she is the registered owner of an apartment in Moscow, the apartment is unfurnished, contains no personal belongings, has been encumbered since 2013 and its bills have not been paid since 2015. Ms. Pirogova has no access to her vehicles in Russia. Nor is she close to family or friends in Russia, or participating in the yacht club she helped found. Based on this record, the conclusion that Russia was not Ms. Pirogova's habitual residence was not erroneous.

Similarly flawed is Appellant's argument in the alternative that, even if Russia is not Ms. Pirogova's habitual residence, it nevertheless is her COMI due to totality of the circumstances. Appellant points to Ms. Pirogova's long history of business activity in Russia, the civil, criminal and bankruptcy actions she faces as a result, and creditors' and third-parties' expectations that Russian law and courts will dispose of these claims. But such facts concerning past business activities are irrelevant because they predate the filing of the Petition. A debtor's COMI must be "anchor[ed]" to circumstances as of the "filing date of the Chapter 15 petition," not to the debtor's "entire operational history." *In re Fairfield Sentry Ltd.*, 714 F.3d at 134. Indeed, the Rizalti loan -- Appellant's primary focus -- was a transaction from 2007, eleven years before the recognition petition. Nor does the fact that Ms. Pirogova has ongoing liability for these past business activities establish that Russia is her COMI. Appellant's theory that Ms. Pirogova's legal exposure is greater in Russia than elsewhere is not tenable. As of the 2018 Orders, she had significant creditors outside of Russia, *In re Pirogova*, 593 B.R. at 413, was subject to four pending lawsuits in the U.S., *id.* at 413 n.3, and had been reported to the Department of Justice for "hav[ing] committed bankruptcy fraud" in an earlier S.D.N.Y. bankruptcy regarding Ms. Pirogova's company, NMP-Group LLC, *id.* at 414 n.37. Appellant acknowledges furthermore

that she was evicted from her New York apartment in February 2018, and her Florida property has been in foreclosure since November 2017. *See* Dkt. No. 9 at 22, 27.

Appellant's corollary argument that Ms. Pirogova manipulated her COMI by fleeing from Russia is also unpersuasive. A "court may consider the period between the commencement of the foreign insolvency proceeding and the filing of the Chapter 15 petition to ensure that a debtor has not manipulated its COMI in bad faith." *In re Fairfield Sentry Ltd.*, 714 F.3d at 137. This rule guards against debtors who attempt to circumvent recognition by leaving the country where a foreign insolvency has commenced. The Russian Insolvency Proceeding began in October 2015 and the recognition proceeding in March 2018. Even if Ms. Pirogova's actions in the two and a half years between these dates were considered, they fail to establish that Russia should be her rightful COMI, but for her bad faith manipulation of her circumstances. Ms. Pirogova's stated intention was to leave Russia upon attaining U.S. permanent residency in 2008. Her apartment was encumbered by 2013. Although a final electricity bill was paid in December 2015, the water bill not been paid since April 2013. Since 2014, Ms. Pirogova had not had access to her cars. She also had not spoken to her family since 2013. And while her Russian passport was active until October 2015, there is no evidence that she used the passport to travel to Russia. Indeed, the Bankruptcy Court found that Ms. Pirogova was motivated to flee Russia long *before* the Russian Insolvency Proceeding, not to manipulate her COMI, but more likely to avoid her mounting legal troubles and arrest warrant. *See id.* at 414 n.38. Whether Ms. Pirogova has acted improperly vis-à-vis the Russian authorities and courts over her legal exposure in Russia is a different issue than whether she manipulated her circumstances in connection with recognition in this action.

## B. Recognition of a Foreign Nonmain Proceeding

The Bankruptcy Court also properly denied recognition of the Russian Insolvency Proceeding as a foreign nonmain proceeding. A "foreign nonmain proceeding" is "a foreign proceeding, other than a foreign main proceeding, pending in a country where the debtor has an establishment." 11 U.S.C. § 1502(5). An "establishment" is defined as "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. § 1502(2). The Bankruptcy Code does not define "place of operations" or "nontransitory economic activity." "The existence of an 'establishment' is essentially a factual question, with no presumption in its favor." *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd*., 389 B.R. 325, 338 (S.D.N.Y. 2008); *accord In re Kemsley*, 489 B.R. at 362. Courts analyze whether a debtor has an establishment as of the petition date. *See*, *e.g.*, *In re Bear Stearns*. 389 B.R. at 338.

Appellant failed to adduce evidence that Ms. Pirogova had a "place of operations" or carried out "nontransitory economic activity" in Russia as of the March 2018 petition. The Bankruptcy Court first correctly dismissed the Moscow apartment as a possible "place of operations." Stripped of furniture, personal belongings and mostly likely basic utilities, the apartment is not a place where Ms. Pirogova carries out any activity, let alone "nontransitory economic activity." Appellant argues that the Bankruptcy Court erred in considering Ms. Pirogova's "residence, presence or occupation in the apartment" under the "establishment" analysis because these are only "COMI factors." *See, e.g.*, Appellant's Reply Br., Dkt. No. 13, at 9. Although these factors are necessary for COMI, as they show that a debtor maintains a home base in a country, they are not irrelevant in the establishment analysis. By its terms, § 1502(5) requires some minimum action by a debtor, *i.e.* the debtor itself "carries out" economic activity from a "place of operations." Here, the absence of any evidence that Ms. Pirogova has contact

with the purported "place of operations" -- whether by living in, visiting or managing the apartment, especially in light of findings that the apartment is abandoned and encumbered -- forecloses finding that the apartment is a "place" with any "operations," let alone economic activity that Ms. Pirogova "carries out." Appellant's argument that the establishment requirement is met simply because Ms. Pirogova "owns an asset in Russia (the apartment) that generates economic activity (utility bills) that she is carrying out (the utility accounts are in her name)," *see* Appellant's Reply Br., Dkt. No.13, is unpersuasive. This argument effectively eliminates "place of operations" as a meaningful component of establishment. To the extent the apartment is an asset with some economic value to Ms. Pirogova, the argument addresses only why the apartment may be "economic activity," not how it is a "place of operations." The fact that Ms. Pirogova owes an increasing debt for apartment utilities, which she has failed to pay since 2015, is not evidence that she "carries out" economic activity. Rather, she has *ceased* participating in the market for utilities services, and the services seek payment for overdue bills.

The Bankruptcy Court, in any case, correctly rejected the arguments that Ms. Pirogova carries out nontransitory economic activity in Russia. The mere fact that creditors and the authorities have ongoing claims against Ms. Pirogova is insufficient. Their efforts to recoup money owed for long-ago transactions is not evidence that *Ms. Pirogova* is carrying out nontransitory economic activity. The Russian Insolvency Proceeding itself is also not economic activity. If a foreign trustee could merely point to a foreign bankruptcy itself, which is subject to a recognition petition, as evidence of an establishment, the statutory requirements for recognition would be pointless. *See In re Ran*, 607 F.3d at 1028 (If a foreign "bankruptcy proceeding and associated debts [themselves] . . . demonstrate an establishment . . . . [t]here would be no reason to define establishment as engaging in a nontransitory economic activity. The petition for

recognition would simply require evidence of the existence of the foreign proceeding.") In light of the foregoing, the Bankruptcy Court's findings and conclusions were not clearly erroneous or even erroneous, and support denial of recognition of the Russian Insolvency Proceeding as a foreign nonmain proceeding.

## II. CONCLUSION

For the foregoing reasons, the judgment of the Bankruptcy Court is AFFIRMED. The Clerk of Court is directed to close the case.

Dated: January 8, 2020
　　　　New York, New York

　　　　　　　　　　　　　　　　　　**LORNA G. SCHOFIELD**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**